IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DZIONARA-NORSEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:24-cv-227 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| MICHAEL UNDERWOOD, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 8) filed by federal prisoner Richard Dzionara-Norsen under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the Petition for lack of subject-matter jurisdiction.

**I.      Relevant Background**

In 2021, the United States District Court for the Western District of New York ("sentencing court") entered judgment against Dzionara-Norsen following a jury trial in which he was convicted of distribution of child pornography; receipt and attempted receipt of child pornography; and possession and attempted possession of child pornography. It sentenced him to 72 months of imprisonment and ten years of supervised release.

Dzionara-Norsen filed a direct appeal in which he argued that:

1.      the sentencing court erred by denying his motion to suppress because:

(a) the statements he made to federal officials during a June 13, 2018, interview were obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966);

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

>   (b) he suffers from mental disabilities and, therefore, his statements were involuntary;
>
>   (c) the search of his laptop computer was involuntary; and,
>
>   (d) statements he made during a June 14, 2018, interview were tainted by the alleged coercive police conduct during the June 13, 2018 interview.
>
> 2. the sentencing court abused its discretion when it denied his request to present the testimony of certain expert witnesses;
>
> 3. the government's evidence was insufficient to support his convictions;
>
> 4. the sentencing court constructively amended the indictment, in violation of the Fifth Amendment; and,
>
> 5. his trial counsel rendered constitutionally ineffective assistance by failing to introduce expert witnesses on his autism diagnosis at the suppression hearing and trial.

The Second Circuit Court of Appeals denied claims 1 through 4 on the merits and denied claim 5 without prejudice to Dzionara-Norsen raising it in a motion under 28 U.S.C. § 2255. *United States v. Dzionara-Norsen*, 2024 WL 191803 (2d Cir. Jan. 18, 2024), cert. denied, 2024 WL 4427339 (U.S. Oct. 7, 2024), reh'g denied, 2025 WL 76744 (U.S. Jan. 13, 2025).

Pending before this Court is Dzionara-Norsen's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] He challenges the validity of his convictions and asserts claims of error made by the sentencing court, particularly regarding its ruling on his suppression motion. He appears to be raising at least some of the same claims he raised on direct review and contends that the sentencing court's judgment against him was "derived from a violation of the US Constitution." (ECF 8 at 4.)

---

[2] When Dzionara-Norsen filed the Petition the Federal Bureau of Prisons ("BOP") was housing him at FCI Loretto, which is located within the territorial boundaries of this Court. He was later transferred to a residential re-entry center in Rochester, New York, and is now housed at Northeast Ohio Correctional Center in Youngstown, Ohio.

Respondent has filed the Answer contending that the Court must dismiss the Petition for lack of subject matter jurisdiction. (ECF 18.) Dzionara-Norsen has filed a Reply in which he asserts that he is entitled to habeas relief under § 2241 because "the Sentencing Court cannot be impartial in his case and subsequent matters." (ECF 22 at 1.) He also asserts that he is "actually innocent of all charges." (*Id.* at 3.)

## II.   Discussion

"Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). A § 2255 motion, which a petitioner must file with the court that sentenced him, "is the presumptive means by which federal prisoners challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) ("[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255."), abrogated on other grounds by *Jones v. Hendrix*, 599 U.S. 465 (2023).

A § 2241 petition must be filed in the district in which the petitioner is confined. *See, e.g.*, *Bruce*, 868 F.3d at 178. In contrast to § 2255, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence*." *Cardona*, 681 F.3d at 535; *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (emphasis added) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

Importantly, a federal inmate who seeks to challenge the validity of his conviction or sentence may not—save for one narrow circumstance—file a § 2241 motion in the district of confinement. Section 2255(e) expressly provides:

> An application for a writ of habeas corpus [under § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be*

> *entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(Emphasis added). The italicized language is known as § 2255(e)'s "savings clause."

Here, Dzionara-Norsen's claims are challenging the validity of his criminal judgment, not the way the BOP is carrying out or executing his sentence. Thus, this Court lacks jurisdiction to consider his claims under § 2241. *Voneida v. Johnson*, 88 F.4th 233, 238 (3d Cir. 2023).

The narrow exception to § 2255(e)'s rule barring § 2241 petitions from asserting substantive § 2255 claims is when relief under § 2255 is "inadequate or ineffective to test the legality of [the inmate's] detention"—the so-called "saving clause." 28 U.S.C. § 2255(e). In *Jones v. Hendrix*, 599 U.S. 465 (2023),[3] the Supreme Court described the interplay between § 2255 and § 2241 and the very limited applicability of § 2255(e)'s "savings clause." It explained that the saving clause applies narrowly "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 478. In *Jones*, the Supreme Court provided two examples of an unusual circumstance: where the sentencing court no longer exists

---

[3] "Before *Jones*, whether the saving clause permitted a prisoner to challenge his detention on the grounds that a change in statutory interpretation arguably rendered the conduct underlying his conviction non-criminal was a question of significant debate in the courts of appeals." *Voneida*, 88 F.4th at 237. In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 197), the Third Circuit Court of Appeals held that "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" could use § 2255(e)'s saving's clause to bring a habeas claim under § 2241.

"*Jones* abrogated *In re Dorsainvil*." *Voneida*, 88 F.4th at 237. It held that § 2255(h)'s limitation on second or successive motions does not make § 2255 "inadequate or ineffective" such that a petitioner asserting a change in statutory law effected after his conviction was final and after his initial § 2255 motion was rejected should be able to proceed with a claim under § 2241. *Jones*, 143 S. Ct. at 1863. The Supreme Court reasoned that § 2255(h) "specifies the two circumstances under which a second or successive collateral attack on a federal sentence" via § 2241 "is available, and those circumstances do not include an intervening change in statutory interpretation." *Id.* at 1876.

after dissolution; or when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." 599 U.S. at 474 (quoting *United States v. Hayman*, 342 U.S. 205, 215 n.23 (1952)); *see also id.* at 474 n.2 (noting that "this sort of practical inadequacy would be highly unusual today").

Dzionara-Norsen has not demonstrated any circumstance akin to the examples listed in *Jones*. Moreover, the fact that the Second Circuit Court of Appeals denied some or all of his claims on direct review is certainly no grounds to permit Dzionara-Norsen to litigate the same or similar claims in a habeas petition. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (a claim does not fall within the savings clause merely "because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") Thus, there is no other basis for this Court to exercise jurisdiction over any of Dzionara-Norsen's claims.

**III.     Conclusion**

Based on the above, the Court lacks subject matter jurisdiction under § 2241 to consider Dzionara-Norsen's claims and the Petition will be dismissed for that reason.[4] An appropriate Order follows.

Dated: May 15, 2025              /s/ Patricia L. Dodge
                                                PATRICIA L. DODGE
                                                UNITED STATES MAGISTRATE JUDGE

---

[4] Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The Court therefore makes no certificate of appealability determination here.